```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELLERY LITTLE,                  :       CIVIL ACTION
                                :
            Petitioner,         :       NO. 02-7314
                                :
       v.                       :
                                :
PHILIP L. JOHNSON, ET AL.,      :
                                :
            Respondents.        :
```

### ORDER - MEMORANDUM

**AND NOW**, this **23rd** day of **August, 2007,** it is hereby **ORDERED** that petitioner's Motion to Remove Case from the Non-Active File and to Ensure that State Exhausted Grounds A Throughout Q Set Forth Below and Both Petitioner's Pro Se "Petition for Allowance of Appeal," "Application for Leave to File Original Process" and "Petition for Writ of Mandamus and/or Extraordinary Relief," Filed in the Pennsylvania Supreme Court Is Made a Part of the Record in This Matter (doc. no. 28) is **GRANTED in part** and **DENIED in part.** The motion is **GRANTED** to the extent is seeks to remove this case from the non-active file, and it is hereby **ORDERED** that the case shall be returned to **ACTIVE** status. The motion is also **GRANTED** to the extent it seeks to make certain proceedings part of the record in this case.  The motion is **DENIED** to the extent it seeks any other relief.

It is **FURTHER ORDERED** that petitioner's request for leave to amend his habeas petition (doc. no. 24) is **DENIED.**

It is **FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge M. Faith Angell (doc. no. 11) is **APPROVED and ADOPTED in part.**

It is **FURTHER ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED** without an evidentiary hearing and the case marked **CLOSED.**

**IT IS FURTHER ORDERED** that there is no probable cause to issue a certificate of appealability.

The Court's reasoning follows:

## I. PETITIONER'S FOURTEEN CLAIMS

Petitioner has raised numerous claims at various stages of these proceedings, which the Court will list from the outset for the sake of clarity:

(1) that direct appeal counsel was ineffective for failing to raise a claim that the trial court erred by refusing to give an unreasonable belief voluntary manslaughter jury instruction;

(2) that trial counsel was ineffective for arguing that petition should be convicted of unreasonable belief voluntary manslaughter without first ensuring that the court would give an unreasonable belief voluntary manslaughter charge;

(3) that trial counsel was ineffective for failing to object to the trial court's jury instruction on the malice element of second degree murder;

(4) that trial counsel was ineffective for failing to present a diminished capacity defense;

(5) that trial counsel was ineffective for failing to seek a decertification hearing so that petitioner could be tried as a juvenile;

(6)  that trial and direct appeal counsel were ineffective for failing to object and/or properly litigate the claims presented in the petition.

(7)  that the evidence was insufficient to sustain the convictions for robbery and second degree murder;

(8)  that the Commonwealth engaged in prosecutorial misconduct during closing argument when petitioner was compared to other robbery defendants;

(9)  that the Commonwealth improperly invaded the province of the jury and expressed an opinion concerning the guilt of petitioner during summation;

(10) that petitioner's sentences for second degree murder and robbery were illegal and violated double jeopardy;

(11) that petitioner's sentence for criminal conspiracy was illegal and violated due process;

(12) that petitioner's life sentence without the possibility of parole violated Roper v. Simmons, 543 U.S. 551 (2005);

(13) that the Pennsylvania Post-Conviction Relief Act ("PCRA") court erred in dismissing his PCRA petition without considering the claim that the petition was timely filed pursuant to Roper; and

(14) that the PCRA court erred in dismissing his PCRA petition without considering his claim that the court never ruled upon his request for the appointment of counsel.

Petitioner raised six claims (1-6)in his original federal habeas petition.  He also attempted to amend his petition to include three additional claims (7-9) that he had raised on hiss direct appeal to the Pennsylvania Superior Court. Petitioner raised the last five claims (10-14), which he asserted in a second PCRA petition, as part of a second motion to amend

the instant habeas petition (doc. no. 24).

## II.  CLAIMS 1-3

As to claims 1-3, these claims were addressed by the Magistrate Judge in his Report and Recommendation.  Although petitioner filed objections to the Report and Recommendation, these objections essentially track the claims asserted in his original habeas corpus petition.  In the Report and Recommendation, Magistrate Judge Angell provided a thorough and complete analysis of petitioner's claims 1-3.  Having carefully reviewed the Report and Recommendation, the Court concurs with the reasoning of the Magistrate Judge.  In summary, the Court agrees that claims 1-3 were timely filed and properly exhausted, but have no merit, and the Court need not duplicate here Magistrate Judge Angell's diligent efforts.

## III. CLAIMS 4-6

As to claims 4-6, the Magistrate Judge found that these claims were not presented in state court and were procedurally defaulted.  On May 10, 2004, petitioner filed a second PCRA petition that included claims 4-6.  On July 22, 2004, the Court stayed federal proceedings pending completion of the state court proceedings on this section PCRA petition (doc. no. 19).  On March 17, 2006, the Court found claims 4-6 to be exhausted in the

state court, and ordered petitioner to file a supplemental memorandum in support of those claims (doc. no. 25).  Thus, the Court does not adopt the Report and Recommendation to the extent it found that petitioner did not present his claims to state court.

Although claims 4-6 are now exhausted, they are nonetheless procedurally defaulted.  Procedural default may occur when an issue has been properly asserted in state court, but is not addressed on the merits because of an independent and adequate state procedural rule. Sistrunk v. Vaughn, 96 F.3d 666, 673 (3d Cir. 1996) ("[I]f the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed.") (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).  The only two exceptions to this rule are if there is "cause and prejudice" or "a showing of innocence." Id.

Here, the Pennsylvania Superior Court held that petitioner's second PCRA petition was "untimely filed." See Commw. of Pa. v. Little, No. 2361 EDA 2005, Memorandum Opinion at 7 (Pa. Super. Aug. 1, 2006).  Claims that are barred in state court because of the PCRA statute of limitations are procedurally default, and a court may not reach the merits of such procedurally default claims unless the petitioner shows cause and

prejudice or actual innocence.  See Whitney v. Horn, 280 F.3d 240, 252 (3d Cir. 2002).  C.f. Bronshtein v. Horn, 404 F.3d 700, 709-710 (3d Cir. 2005) (holding that because application of the "relaxed" waiver rule to the PCRA time bar in capital conviction appeals "was not firmly established and regularly applied on the date when [the petitioner's] time ran out, the doctrine of procedural default does not apply in this case").

     Petitioner has not shown cause for his procedural default of claims 4-6.  He has not shown any prejudice attributable thereto.  Not has he shown actual innocence.  Thus, the Court may not reach the merits of claims 4-6 and must deny them as procedurally default.

## IV.   CLAIMS 7-9

     Claims 7-9 were raised on petitioner's direct appeal to the Pennsylvania Superior Court and were the subject of a motion to amend the instant habeas petition (doc. no. 3).  On July 22, 2004, the Court denied this request because the claims were not exhausted, were barred because of procedural default, and were beyond the AEDPA statute of limitations (doc. no. 19).  The Court also denied petitioner's motion for reconsideration regarding these three claims (doc. no. 21).  Petitioner raises no arguments that warrant a reevaluation of the Court's prior decision.

**V.    CLAIMS 10-14**

Petitioner has also moved to amend the instant habeas petition to include claims 10-14 (doc. no. 24).  This motion is also denied because the motion is clearly untimely.  Petitioner's judgments of sentence became final on November 22, 1993.  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides for a one year grace period for habeas petitioners whose convictions became final prior to its enactment.  See 28 U.S.C. § 2244(d)(1).  Since the AEDPA was enacted on April 24, 2996, petitioner had until April 23, 1997, to initiate his federal habeas action.  While petitioner's first action for state collateral relief was filed on January 9, 1997, during the AEDPA's one-year grace period, the state action ceased to be pending on July 9, 2002, when the Pennsylvania Supreme Court denied petitioner's allowance of appeal.  The AEDPA's statute of limitations was accordingly tolled only for the period between January 9, 1997, and July 9, 2002.  Petitioner was thus required to initiate his federal habeas action on or before October 22, 2002.  Petitioner's motion to amend his habeas petition to include claims 10-14 was signed December 28, 2005, and filed January 4, 2006.  Even taking the earliest of those dates as the relevant date, petitioner's request is still well beyond the AEDPA statute of limitations.  See U.S. v. Duffus, 174 F.3d 333

(3d Cir. 1999) (deciding that leave to amend was properly denied, in the court's discretion, when a claim that was not raised in a timely habeas petition was raised for the first time beyond the AEDPA one-year time bar and sought to add new claims rather than clarify a claim previously raised in the timely habeas petition); see also Clemmons v. Delo, 177 F.3d 680, 686 (8th Cir. 1999) (finding no abuse of discretion when the district court denied motion for leave to amend when the motion was filed after the magistrate judge's report and recommendation was issued in a case that had already been pending for some time).

In any event, allowing amendment of the petition to include claims 10-14 would be futile, for if included, claims 10-14 would be denied for the same reasons that claims 4-6 must be denied. Claims 10-14 are procedurally default because they were part of petitioner's "untimely filed" second PCRA petition, and petitioner has shown neither cause and prejudice nor actual innocence.

Thus, petitioner's motion to amend his habeas petition to include claims 10-14 is denied.

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**